IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALVIN JAMES JOHNSON,　　　　　　)
#162564,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　CASE NO. 2:25-cv-589-RAH
　　　　　　　　　　　　　　　　　)
STEVE MARSHALL, et al.,　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a pleading on this Court's standard form routinely used by inmates to file a lawsuit under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff did not pay the requisite $405 in filing fees upon initiating this action and instead filed a motion to proceed *in forma pauperis*.[1] (Doc. 2.) Upon review of Plaintiff's filings, and for the reasons explained below, this action will be DISMISSED without prejudice because Plaintiff has accumulated at least three strikes under 28 U.S.C. § 1915(g) and abused the judicial process by providing false information regarding his litigation history in violation of 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).[2]

---

[1] The filing fee for a non-habeas civil action includes a $350 statutory fee under 28 U.S.C. § 1914(a) and a $55 administrative fee under § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

[2] To the extent Plaintiff's pleading could instead be construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 rather than a Complaint under 42 U.S.C. § 1983, this action would nevertheless be subject to dismissal as successive and time-barred. *See Johnson v. Myers, et al.*, Case No. 2:14-cv-1127-MHT-TFM (M.D. Ala. 2014).

## I.   DISCUSSION

### a.   The Three-Strikes Bar

As an initial matter, the Prison Litigation Reform Act ("PLRA") imposes specific restrictions on civil rights lawsuits filed by inmates in federal court. One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The purpose of this provision is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding *in forma pauperis* from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under this provision, if a prisoner has three or more qualifying dismissals, or "strikes," and fails to pay the required filing fee at the time a new complaint is filed, the Court must dismiss the case without prejudice. *See id.* As the Eleventh Circuit explained in *Dupree*, the three-strike prisoner cannot cure such failure by paying the filing fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

2

*Id.* at 1236; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions in this Court while incarcerated and has accumulated at least three strikes under § 1915(g). *See, e.g., Johnson v. Reese, et al.*, Case No. 2:08-cv-830-TMH-TFM (M.D. Ala. 2008) (dismissed in December 2008 pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii)); *Johnson v. State of Alabama, et al.*, Case No. 2:09-cv-98-WHA-TFM (M.D. Ala. 2009) (dismissed in March 2009 pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii)); *Johnson v. Brooks, et al.*, Case No. 2:09-cv-385-TMH-TFM (M.D. Ala. 2009) (dismissed in June 2009 pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii)); *Johnson v. Marshall, et al.*, Case No. 2:09-cv-588-ID-TFM (M.D. Ala. 2009) (dismissed in July 2009 pursuant to 28 U.S.C. § 1915(g)); *Johnson v. Marshall, et al.*, Case No. 2:09-cv-1044-MEF-TFM (M.D. Ala. 2009) (dismissed in December 2009 pursuant to 28 U.S.C. § 1915(g)).[3]

Because Plaintiff has accrued at least three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case unless he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'" *Daker*, 999 F.3d at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). In assessing whether a prisoner qualifies for the imminent danger exception under § 1915(g), the Court considers a complaint in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Wells v. Brown*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Plaintiff's Complaint, construed liberally and accepted as true, fails to trigger the imminent danger exception to the three-strikes provision. (*See generally* doc. 1.) Accordingly, this action is due to be dismissed pursuant to 28 U.S.C. § 1915(g).

---

[3] This list comprises only Plaintiff's strikes accrued in the Middle District of Alabama and does not contain any lawsuits that may have been filed in other districts or subsequent appeals.

### b.    Abuse of the Judicial Process

As an additional basis for dismissal, Plaintiff has provided untruthful responses to questions he was required to answer in his Complaint. The first page of the standard complaint form requires Plaintiff to state whether he has filed any other lawsuits relating to his imprisonment and, if so, to list each of those lawsuits. (Doc. 1 at 1.) In response, Plaintiff marked "no" and did not list any previous lawsuits. (*Id*. at 1–2.) Plaintiff then signed the Complaint under penalty of perjury. (*Id*. at 4.) However, despite Plaintiff's sworn representation that he has not filed any previous lawsuits, he has filed numerous prior lawsuits relating to his imprisonment, which are listed above.

Plaintiff's *pro se* status does not excuse him from the obligation to be truthful with the Court regarding his litigation history. Courts use the information regarding previous lawsuits to enforce § 1915(g)'s three-strikes bar. Requiring an inmate to disclose previous cases relieves the Court of the difficult and time-consuming tasks of reviewing dockets to find a plaintiff's previous cases and reviewing documents in each of those cases to determine if the case was dismissed and, if so, the grounds for dismissal. If Plaintiff had provided truthful answers in his Complaint, the filing would have immediately alerted the Court to the possibility of dismissal under the three-strikes rule. His failure to do so has consequences. As recognized by one of our sister districts:

> If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.

4

*Ruiz v. Osteen*, No. 3:12-cv-240, 2013 WL 5954692, at *3 (N.D. Fla. Nov. 7, 2013) (determining that the court "should not allow Plaintiff's false response to go unpunished") (citing *Harris v. Warden,* 498 F. App'x 962, 964–65 (11th Cir. 2012) (affirming dismissal of inmate's 1983 action for abuse of process because he failed to disclose litigation history in original and amended complaints, despite specific instructions in the form complaints, and disclosed his prior cases only after defendants alerted court to the cases in motion to dismiss) and *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006) (affirming dismissal of inmate's § 1983 action for abuse of process because he responded "no" to complaint's question asking if he had brought other lawsuits dealing with facts other than those in his action and stating "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process")); *see also Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (affirming dismissal where the plaintiff failed to fully disclose his litigation history and emphasizing that such disclosure is necessary for courts to enforce the "three-strikes" rule and prevent duplicative litigation).

In this instance, Plaintiff was clearly aware that he was required to disclose his litigation history, as that requirement is plainly stated in the very first section of the very first page of the complaint form. (*See* doc. 1 at 1–2.) Nevertheless, he knowingly submitted a false representation, under penalty of perjury, that he had not filed any previous cases relating to his imprisonment. (*Id*.) Accordingly, as an additional basis for dismissal, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as malicious. *See, e.g., Fanning v. Jones*, No. 13-541-KD-B, 2014 WL 31796, at *1 (S.D. Ala. Jan. 6, 2014) ("An action is deemed malicious … when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury.") (collecting cases in support).

5

## II.   CONCLUSION

Accordingly, for the reasons set forth above, it is **ORDERED** that:

(1)   The Court's Order of August 8, 2025 (doc. 4), which granted Plaintiff leave to proceed *in forma pauperis* and required payment of the filing fee in this action, is **VACATED**;

(2)   This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(g), 1915(e)(2)(B)(i), and 1915A(b)(1); and

(3)   All pending motions are **DENIED** as **MOOT**.

Final Judgment will be entered separately.

DONE, on this the 2nd day of March 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6